[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10095
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20453-UU-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ILEANA RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 12, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Ileana Rodriguez challenges her 121-month total sentence for one count of conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. §§ 1343, 1347, 1349, and two counts of money laundering, in violation of 18 U.S.C. §§ 2, 1957. Rodriguez asserts the district court clearly erred when it applied a two-level enhancement to her Guidelines range because it found her conduct to further the health care fraud constituted sophisticated means. Rodriguez also contends the district court erred when it applied enhancements for both sophisticated means and her role as a manager or supervisor because applying both would constitute double counting. Finally, Rodriguez argues her within-Guidelines 121-month total sentence was substantively unreasonable because she received a greater sentence than her more culpable codefendant. After review, we affirm Rodriguez's sentence.

## I.  DISCUSSION

### A.  *Sophisticated Means Enhancement*

A defendant's offense level is enhanced by two levels if the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. U.S.S.G. § 2B1.1(b)(10)(C). "Sophisticated means" means "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." *Id.* § 2B1.1, comment. (n.9(B)). Examples of sophisticated means listed in the commentary

include hiding assets or transactions, or both, using fictitious entities, corporate shells, or offshore financial accounts. *Id.* However, the application notes do not limit the ways in which a defendant could use sophisticated means to conceal her crime. *See United States v. Clarke*, 562 F.3d 1158, 1165 (11th Cir. 2009).

The district court must examine the totality of the defendant's conduct because there is no requirement that each individual action the defendant took was sophisticated. *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010). Repetitive, coordinated conduct to further and conceal a fraud scheme supports a sophisticated-means enhancement. *United States v. Bane*, 720 F.3d 818, 826-27 (11th Cir. 2013). Furthermore, the length of time that the conduct goes undetected and the amount of loss inflicted can reflect on the sophistication of the scheme. *United States v. Feaster*, 798 F.3d 1374, 1381 (11th Cir. 2015). Also, the use of inside information is a factor supporting sophisticated means. *Id.* at 1382. We have upheld the imposition of a sophisticated-means enhancement where the scheme to defraud Medicare consisted of: (1) submitting fraudulent claims to Medicare; (2) offering, paying, or receiving kickbacks for recruiting Medicare beneficiaries; (3) paying kickbacks to patients; (4) concealing the submission of fraudulent claims to Medicare; and (5) diverting the fraud proceeds for personal use. *United States v. Moran*, 778 F.3d 942, 951, 977 (11th Cir. 2015).

3

The district court did not clearly err in finding that Rodriguez's offense involved sophisticated means. *See United States v. Sosa*, 777 F.3d 1279, 1300 (11th Cir. 2015) (stating we review for clear error a district court's finding that an offense involved sophisticated means). It was undisputed that Rodriguez was an owner of Aqua Pharma, Inc. and employee of Caribbean Pharmacy, Inc., which were both involved in a conspiracy to defraud Medicare. Rodriguez's conduct during the conspiracy consisted of: (1) paying patients and patient recruiters in cash for fraudulent prescription referrals; (2) submitting claims to Medicare for drugs that were never dispensed; and (3) selling the drugs to a reverse distributing company to deceive insurance company audits. The district court considered the use of a reverse distributing company as strong evidence of sophisticated means because that company's use was all about concealing fraud from the government. Collectively, these actions show Rodriguez's intricate offense conduct furthered and concealed the fraud. *See* U.S.S.G. § 2B1.1, comment. (n.9(B)); *Moran*, 778 F.3d at 951, 977. The sophisticated means of the conspiracy is also evidenced by Rodriguez's inside knowledge as a licensed pharmacy technician. *See Feaster*, 798 F.3d at 1382. Further, the finding of sophisticated means is supported by Rodriguez's efforts to further the fraud over the course of 6 years without detection using repetitive and coordinated conduct, including continual cash payments to the criminal participants, and her responsibility for a loss of $6,595,845. *See Feaster*,

4

798 F.3d at 1381; *Bane*, 720 F.3d at 826-27.  Therefore, it was not clear error for the district court to determine that Rodriguez's conduct, especially the use of a reverse distributing company to conceal the fraud, justified applying the sophisticated-means enhancement.  *See Sosa*, 777 F.3d at 1300 (explaining clear-error review is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has occurred).

## B.  Manager or Supervisor Enhancement

Under § 3B1.1(b), a defendant's offense level is enhanced by three levels if the defendant was a manager or supervisor and the offense involved five or more participants or was otherwise extensive.  U.S.S.G. § 3B1.1(b).  In determining whether an aggravating-role increase applies, the district court should consider the exercise of decision-making authority, the nature of participation in the offense, the recruitment of accomplices, the claimed right to larger shares of fruits of the crime, the participation in organizing the offense, the nature and scope of the offense, and the control and authority exercised over others.  *Id.* § 3B1.1, comment. (n.4).  Aggravating-role adjustments are imposed based on the size of the criminal organization and the degree to which the defendant was responsible for committing the offense.  *Id.* § 3B1.1, comment. (backg'd.).

Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment for a harm that has already been fully

5

accounted for by the application of another part of the Guidelines. *United States v. Dudley*, 463 F.3d 1221, 1226-27 (11th Cir. 2006). We presume the U.S. Sentencing Commission intended separate sections to apply cumulatively, unless specifically directed otherwise. *Id.* at 1227.

Because Rodriguez is arguing that applying the enhancements for her role as a manager or supervisor and sophisticated means constituted double counting for the first time on appeal, this Court should review her argument only for plain error. *See United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017) (stating when a party did not raise an issue before the district court, we review only for plain error).

Rodriguez cannot show plain error. The explicit language of the Guidelines does not prohibit the application of both enhancements simultaneously, nor is there an opinion from this Court or the Supreme Court stating that the application of both enhancements in this situation is impermissible double counting. *See United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015) (stating "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it"). Thus, there can be no plain error.

Furthermore, the two enhancements address different harms because the sophisticated-means enhancement pertains to the execution or concealment of an offense, while the aggravating-role enhancement pertains to the size of the criminal

organization and degree to which the defendant was responsible.  *See* U.S.S.G. §§ 2B1.1., comment. (n.9(B)), 3B1.1., comment. (backg'd).  The district court addressed the two enhancements as different harms here.  And this Court must presume the Guidelines apply cumulatively.  *See Dudley*, 463 F.3d at 1227.  Finally, this Court has previously affirmed a sentence that applied both the manager or supervisor enhancement and the sophisticated-means enhancement.  *See Sosa*, 777 F.3d at 1300-02.  Therefore, the district court did not plainly err when it applied both enhancements in calculating Rodriguez's Guidelines range.

## C.  *Reasonableness*

The district court must impose a sufficient sentence that is not greater than necessary to satisfy the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).  The weight given to any specific § 3553(a) factor is

committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

A claim based on unwarranted sentencing disparities assumes that the defendants have similar records and have been found guilty of similar conduct. *United States v. Docampo*, 573 F.3d 1091, 1101-02 (11th Cir. 2009).  Defendants who cooperate with the government and plead guilty are not similarly situated to defendants who provide no assistance and proceed to trial.  *Id.* at 1101.  A defendant cannot steadfastly withhold cooperation from the government and then complain when a codefendant benefits from rendering assistance to the government.  *Id.*

The district court imposed a substantively reasonable total sentence because it considered and balanced the proper factors, including the need to avoid unwarranted sentencing disparities.  While co-defendant Maria Inda played a greater role in the conspiracy than Rodriguez, they were not similarly situated.  *See Docampo*, 573 F.3d at 1101-02.  Inda pled guilty, received a reduction in her Guidelines range for her timely acceptance of responsibility, cooperated with the Government, and was willing to testify.  In contrast, Rodriguez provided no assistance to the Government and had a jury trial.  Therefore, the district court's imposition of a total sentence more severe for Rodriguez than Inda was not

unwarranted, even if Inda did play more of a leadership role than Rodriguez. *See Docampo*, 573 F.3d at 1101.

Furthermore, the record indicates the district court considered the statements of the parties, the PSI, the Guidelines range, and the statutory factors in sentencing Rodriguez. *See United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009) (stating in considering the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a)). It was within the court's discretion to sentence Rodriguez to provide sufficient punishment and deterrence. And the district court sentenced Rodriguez to a term at the bottom of the Guidelines range and well below the statutory maximum for the conspiracy charge, both of which indicate the sentences were reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) (stating we ordinarily expect a sentence falling within the Guidelines range to be reasonable and a sentence imposed well below the statutory maximum penalty also indicates a reasonable sentence). Accordingly, the court did not abuse its discretion because Rodriguez's within-Guidelines 121-month total sentence was substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing the substantive reasonableness of a sentence for an abuse of discretion).

## II.  CONCLUSION

The district court did not clearly err when it applied the sophisticated-means enhancement because Rodriguez's actions to further and conceal the fraud constituted intricate offense conduct, especially her use of a reverse distributing company.  Next, the district court did not plainly err when it applied both the sophisticated-means enhancement and the aggravating-role enhancement for Rodriguez's role as a manager or supervisor because the Guidelines do not forbid it, and there is no case from this Court or the Supreme Court directly resolving the issue.  Finally, Rodriguez's sentences were also substantively reasonable because there was no unwarranted disparity between Rodriguez's and her codefendant's sentences where they were not similarly situated.  Accordingly, we affirm Rodriguez's sentences.

     **AFFIRMED.**